UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAURA O'NEILL, as administrator ) <br> Of the Estate of Madelyn E. Linsenmeir, ) <br>               Plaintiff, ) <br> v. ) <br> ) <br> CITY OF SPRINGFIELD, MOISES ) <br> ZANAZANIAN, REMINGTON MCNABB,) <br> SHEILA RODRIGUEZ, HAMPDEN ) <br> COUNTY SHERIFF'S DEPARTMENT, ) <br> And JOHN/JANE DOES NOS. 1-5, ) <br>               Defendants ) <br> ) | Civil Action No.: 3:20-cv-30036 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I. Introduction

Now come the Defendants, City of Springfield ("Springfield"), Moises Zanazanian, Remington McNabb and Sheila Rodriguez ("Municipal Defendants") and move this Honorable Court to dismiss so much of the Complaint as is addressed to Springfield and the Municipal Defendants under Mass. R Civ. P. Rule 12(b)(6).

### II. Factual Allegations

The complaint[1] filed in this matter contains four (4) Counts, of which two (2) are addressed to the Municipal Defendants, i.e. . COUNT I: vs. City, Zanzanian, McNabb, Rodriguez: Failure to provide medical care under 14th Amendment in violation of 42 USC § 1983, and COUNT IV:

---

[1] For purposes of this motion to dismiss, the allegations in the Complaint are treated as if true.  All factual allegations in the complaint must be deemed true and all reasonable inferences must be drawn plaintiff's favor. *See Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).  By filing this motion the Municipal Defendants do not intend to admit to any facts set out herein.

Against all individual defendants alleging intentionally causing wrongful death in violation of MGL c. 229, section 2.

The Complaint recounts facts which are alleged to have occurred from September 28, 2018 until Madelyn Linsenmeir's death on October 7, 2018. Specifically the complaint, brought by and through the administratrix of the Estate of the late Madelyn Linsenmeir ("Linsenmeir"), alleges that Ms. Linsenmeir was a long time opioid addict. Comp. ¶ 13. She also had a pre-existing medical condition known as Infectious Endocarditis, a potentially life threatening condition which usually affects heart valves. Comp. ¶ 20. She allegedly communicated with her family on September 28, 2018, and told them she was very sick, but was afraid to go to the Emergency Room due to warrants for her arrest being outstanding. Comp. ¶¶ 21, 22.

Ms. Linsenmeir was arrested by the Springfield Police Department on September 29, 2018. Comp. ¶ 25. The complaint alleges that the Municipal Defendants were at all material times aware that Ms. Linsenmeir was an intravenous drug user. Comp. ¶ 32. Ms. Linsenmeir, per the complaint, was brought to the booking area of the Springfield Police Department at or about 5:34 p.m., and was visibly limping at the time. Comp. ¶ 33. Defendants Zanzanian and McNabb were members of the Springfield Police Department, and were both working in the booking area at all material times. Comp. ¶¶ 28 and 29. Defendant Rodriguez was at all material times an employee of the SPD, and worked as a matron in the holding cell and booking areas. Comp. ¶ 30. The complaint alleges Ms. Linsenmeir complained of pain, difficulty breathing, swollen extremities, was crying from pain, stated she felt like she might pass out, requested water, stated her chest hurt, and said she needed water before she could use the phone at that time. Comp. ¶¶ 39-45. She denied any need for psychiatric help, and said she "might need to go to the hospital."

Comp. ¶ 38. Her legs were allegedly too swollen to walk. Comp. ¶¶ 39-42. The complaint further alleges the SPD took pictures of her swollen right knee and leg area. Comp. ¶ 46. Defendant Rodriguez is alleged to have observed that Ms. Linsenmeir was in too much pain to lie down. Comp. ¶ 47.

At approximately 7:38 p.m. Ms. Linsenmeir allegedly re-entered the booking area. Comp. ¶ 48. The complaint alleges Zanzanian motioned for McNabb to NOT activate the audio recording equipment.

Ms. Linsenmeir spoke with Zanzanian for a few moments and then called her mother. Comp. ¶ 51. The complaint alleges that McNabb, Zanzanian and Rodriguez all overheard her conversation with her mother, and that during the call Ms. Linsenmeir advised her mother that she had been arrested, had asked for and been denied medical care, and that she was very sick, in pain and needed help. Comp. ¶¶ 51 and 52. The complaint alleges that Zanzanian told Ms. Linsenmeir and her mother that he was not going to provide Ms. Linsenmeir with medical care. Comp. ¶ 53.

The complaint alleges that after the phone call Ms. Linsenmeir continued to ask for medical attention, that she was crying and distressed, that she was pointing to her chest and her knee, and that she had great difficulty walking back to her cell. Comp. ¶ 57.

Per the complaint, Ms. Linsenmeir was transferred the next day to the custody of the Hampden County Sheriff's Department ("HCSD") office. Comp. ¶ 62. She remained in the custody of the HCSD until her death on October 7, 2018. Comp. ¶ 74. She had been admitted to a hospital on October 4, 2018. Comp. ¶¶ 71-72.

### III. Standard of Review

In order to survive a motion to dismiss for failure to state a claim, the complaint must assert "factual allegations [that are] enough to raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S 662, 129 S. Ct. 1937 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "[T]he complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462 (6th Cir. 2005). Also, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).

In evaluating whether a complaint states a plausible claim, the Court must "perform [a] two-step analysis." *Cardigan Mtn. Sch. v. N.H. Ins. Co.,* 787 F.3d 82, 84 (1st Cir.2015). At the first step, the Court must "distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Id.* (quoting *García–Catalán v. United States,* 734 F.3d 100, 103 (1st Cir.2013)). At step two, the Court must "determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." *Id.* (quoting *García–Catalán,* 734 F.3d at 103) (internal quotation marks omitted). This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). "Applying the plausibility standard is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' "*Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016).

The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Langadinos v. American Airlines, Inc*., 199 F.3d 68, 69 (1st Cir. 2000).  "Although detailed factual allegations are not required to survive a motion to dismiss, 'more than labels and conclusions' are required." *McLaughlin,* 146 F. Supp.3d at 287 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A 'formulaic recitation of the elements of a cause of action' is not enough."  146 F. Supp.3d at 287 (quoting *Twombly*, 550 U.S. at 555).  "The facts alleged must 'raise a right to relief above the speculative level.'"  146 F. Supp.3d at 287 (quoting *Twombly*, 550 U.S. at 555).  "The plaintiff must 'nudge[] [the] claims across the line from conceivable to plausible,' or the claims will be dismissed."  146 F. Supp.3d at 287 (quoting *Twombly*, 550 U.S. at 570).  "'The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.'"  146 F. Supp.3d at 287 (quoting *Sepulveda-Villarini v. Dep't of Educ. Of P.R.,* 628 F.3d 25, 29 (1st Cir. 2010)).  "The plausibility standard 'asks for more than a sheer possibility of actionable conduct."  146 F. Supp.3d at 287 (citing *Sepulveda-Villarini*, 628 F.3d at 29).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**IV.   Argument**

A. Count I must be dismissed as the Decedent was not in the custody of the Defendants at the time of her death.

As set out above, per the complaint, Ms. Linsenmeir was in the custody of the Springfield Police Department until September 30, 2018, and was thereafter transferred to the custody of the Hampden County Sheriff's Department.

The First Circuit has recognized a claim under the 14th Amendment for failure to provide medical care to pre-trial detainees. "A state and its subdivisions are under a substantive

obligation imposed by the Due Process Clause of the Fourteenth Amendment to refrain at least from treating a pretrial detainee with deliberate indifference to a substantial risk of serious harm to health. *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *see Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (standard of deliberate indifference except as to excessive force claims)." *Coscia v. Town of Pembroke, Mass.,* 659 F.3d 37, 39 (1st Cir., 2011).

As noted by the Court in *Coscia*, the Fourteenth Amendment duty to pre-trial detainees springs from the unique circumstances of detention. *Id.* at 40-41. "The government's obligation to prevent avoidable harm by providing medical care during custody is, in other words, a substitute for the responsibility that a reasonable person would bear for himself, if he were not detained." *Id*.

In *Coscia*, the Court declined to extend liability to post custody loss. The decedent in *Coscia* was arrested following an automobile accident; he expressed suicidal ideation over the course of his detention, and was not placed in a cell, but rather was held under suicide protocols. *Id*. at 37-38. He was released at about 6 o'clock in the evening, and killed himself at about 8:00 a.m. the next morning. *Id*.

Here the decedent had not been in the custody of the Municipal Defendants for 7 days at the time of her death; she was in the custody of the HCSD throughout that time. Moreover, she was not admitted to the hospital until October 4, 2018, four days after having been transferred.

The Plaintiff does not, and, indeed cannot, claim that the condition causing Ms. Linsenmeir's death was caused by the municipal defendants. As plead, Ms. Linsenmeir suffered from a serious pre-existing condition, which may have been secondary to her intravenous drug use. She was aware that she was ill, and refused to seek medical help herself prior to her arrest,

despite her family's exhortations to seek assistance. Ms. Linsenmeir was transferred to the custody of the HCSD in essentially the same condition she was in when arrested. No due process violation has been stated in the complaint against the municipal defendants. As the Court held, "in the absence of a risk of harm created or intensified by state action there is no due process liability for harm suffered by a prior detainee after release from custody in circumstances that do not effectively extend any state impediment to exercising self-help or to receiving whatever aid by others may normally be available." *Id* at 41. Count I must be dismissed.

> B. The facts plead are insufficient to state a claim for any of the municipal defendants intentionally causing Ms. Linsenmeir's wrongful death in violation of MGL c. 229, section 2, and thus Count IV must be dismissed.

Plaintiff has brought claims against Rodriguez, Zanzanian and McNabb (along with the unknown Doe defendants in the employ of the HCSD) for Ms. Linsenmeir's wrongful death in violation of MGL c. 229, section 2, not under a theory of negligence, but rather claiming the defendants caused Madelyn Linsenmeir death by intentional acts. Comp. ¶ 113. The facts alleged are insufficient as a matter of law to sustain a finding of intentional conduct.

Under the Massachusetts State Tort Claims Act ("MTCA"), individual employees, such as the ones named here, are not liable for negligence, and suit can only be maintained against the public employer. MGL c. 258, § 2. The municipality cannot be held liable for intentional acts of its employees, and under those circumstances suit can only be brought against the public employees. MGL c. 258, §10. Claims are capped at $100,000.00 which are governed by the MTCA.

In an obvious bid to avoid the cap on damages, Plaintiff has sought to characterize the alleged acts complained of as "intentional." The facts alleged, however, fail to state such a claim. There can be no doubt that the municipal employees at all times material were acting within the

scope of their official duties, and thus entitled to the acts protection. See, e.g., *Comeau v. Town of Webster*, 881 F.Supp.2d 177, (D.Mass, 2012).  In an obvious bid to avoid the cap on damages, Plaintiff has sought to characterize the alleged acts complained of as "intentional."    The facts alleged, however, fail to state such a claim.  There can be no doubt that the municipal employees at all times material were acting within the scope of their official duties, and thus entitled to the MTCA's protection.  See, e.g., *Comeau v. Town of Webster*, 881 F.Supp.2d 177, (D.Mass, 2012).  The Courts have had opportunities over the years to consider what constitute intentional conduct sufficient to bring the claim outside the provisions of Chapter 258.   "Although recklessness is considered negligent, rather than intentional, conduct for purposes of the MTCA, willful conduct connotes action intended to do harm and would be viewed as an intentional tort." *Justiniano v. Walker*, 2016 U.S. Dist. LEXIS 129737 * 11;  *See Kowalski v. Gagne*, 914 F.2d 299, 303 (1st Cir. 1990) ("willful conduct has been described as action intended to do harm, while conduct is wanton or reckless when 'in the face of a known or obvious risk [one] intentionally persist[s] in conduct involving a high degree of probability that substantial harm would result to another.'"); *Stamps v. Town of Framingham*, 38 F.Supp.3d 146, 159 (D. Mass. 2014) (noting that recklessness is considered negligent and implicitly treating willful or wanton conduct as intentional); *Farrah ex rel. Estate of Santana v. Gondella*, 725 F.Supp.2d 238 (D. Mass. 2010) (same).  In order to avoid the limitations of the MTCA the intentional act must be such that the actor intended harm to the Plaintiff.  *Foster v. McGrail*, 844 F.Supp. 16, 25 (D.Mass.,1994).  No such intent can be inferred from the actions of the municipal defendants named herein.   Thus, Count IV must be dismissed.

## V.      Conclusion

For the reasons set out above, the Defendants, City of Springfield, Moises Zanazanian, Remington McNabb and Sheila Rodriguez and move this Honorable Court to dismiss so much of the Complaint as is addressed to Springfield and the Municipal Defendants under Mass. R Civ. P. Rule 12(b)(6).

## L.R. 7.1 (A)(2) CERTIFICATION

The undersigned hereby certify that they have attempted to advise Plaintiff of this Motion to dismiss.

**The Defendants,**
**City of Springfield, Moises Zanazanian,**
**Remington McNabb and Sheila Rodriguez,**

**By their attorneys:**

Date: May 11, 2020

By: /s/ Lisa C. deSousa
Lisa C. deSousa, Esquire
BBO#546115
City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA 01103
Tel:    (413) 787-6085
Fax:    (413) 787-6173
ldesousa@springfieldcityhall.com


/s/ *Kevin B. Coyle*
Kevin B. Coyle, Esq. BBO#103540
Attorney for the Defendants
1299 Page Boulevard
Springfield, MA 01104
Tel: (413) 787-1524
Email: attycoyle@aol.com

/s/ John K. Vigliotti
John K. Vigliotti, Esq. BBO# 642337
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609
Phone (508)754-7285
Fax: (508) 754-7220
jvigliotti@rja-law.com

**CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that a true copy of the within document was this day served upon Plaintiff via the Federal District Court ECF to all parties.
SIGNED under the pains and penalties of perjury.

Dated:   May 11, 2020                                          /s/ Lisa C. deSousa
                                                               Lisa C. deSousa, Esq.