**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MAURA O'NEILL, as administrator | ) | |
| of the Estate of Madelyn E. Linsenmeir, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CITY OF SPRINGFIELD, MOISES | ) | Civil Action No. 20-30036 |
| ZANAZANIAN, REMINGTON MCNABB, | ) | |
| SHEILA RODRIGUEZ, HAMPDEN | ) | |
| COUNTY SHERIFF'S DEPARTMENT, | ) | |
| And JOHN/JANE DOES NOS. 1-5, | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT STATEMENT REGARDING SCHEDULING CONFERENCE

This action arises from the death of Madelyn Linsenmeir.  Madelyn was arrested by the

Springfield Police Department on September 29, 2018, and she died on October 7, 2018, while in

the custody of the Hampden County Sheriff's Department.  In summary, the complaint alleges

that Madelyn had a life threatening heart infection at the time of her arrest, that she requested

medical attention for symptoms including chest pain and difficulty breathing shortly after her

arrest and at various times thereafter, and that she was denied medical attention over the period

of September 29 to October 4.  The complaint alleges that the denial of medical care resulted in

the progression of the infection to irreversible sepsis, and thus ultimately to her death.

The plaintiff is Maura O'Neill, who is Madelyn's sister and is suing in her capacity as the

appointed representative of Madelyn's estate.  The defendants are certain of Madelyn's

custodians during her time in custody, including the City of Springfield and several of its police

employees, and including the Hampden County Sheriff's Department and several of its

employees presently designated "John/Jane Doe".  Plaintiff anticipates identifying these "Doe"

defendants and naming them individually during the course of discovery.

1

The Court denied the defendants' motions to dismiss on May 5, 2021. All defendants have subsequently filed answers, in which they denied certain of the allegations and denied liability for Madelyn's death.  The Sheriff's Department also raised 57 affirmative defenses, and the Springfield defendants collectively raised more than 80 affirmative defenses.  Accordingly, the prompt initiation of discovery is now appropriate.

Pursuant to the Court's Notice of Scheduling Conference and Rule 16.1(b) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for the parties have conferred and propose the following discovery plan:

1.    <u>Joint Discovery Plan</u>

The parties propose the following discovery plan:

(a)    Initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed on or before September 30, 2021.

(b)    All fact discovery, including non-expert depositions, shall be completed by June 30, 2022.  All discovery will be conducted simultaneously, not in phases.  The parties propose to modify the discovery event limitations of Local Rule 26.1(c) as follows:

(1)    Interrogatories and Requests for Admission: The parties propose that each party be permitted to direct up to 25 interrogatories and up to 25 requests for admission to each other party.

(2)    Requests for Production: Consistent with the local rule, the parties propose no limit on the number of request for production.  Given the number of defendants, the parties propose that there be no limit on the number of separate sets of such requests.

2

(3)      Depositions: The defendants propose a limit of 15 depositions per side.  The plaintiff proposes a limit of 25 depositions per side.  The parties are prepared to discuss the reasons for this disagreement at the scheduling conference.

(c)      Plaintiff's opening expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before July 31, 2022.  Defendants' shall make their expert disclosures on or before September 30, 2022.  Plaintiffs shall make any rebuttal expert disclosures on or before October 31, 2022.

(d)      All expert witness depositions are to be completed, and discovery to close, by December 16, 2022.

2.    <u>Proposed Schedule for the Filing of Motions</u>

The defendants anticipate filing dispositive or partially dispositive motions following the close of discovery. Plaintiff has not yet determined whether to file any such motions.  The parties propose that the Court schedule a status conference on a date convenient for the Court in October 2022 to discuss a schedule for dispositive motions.

3.    <u>ADR</u>

As required by Local Rule 16.1(c), plaintiff has served written settlement proposals on the defendants.  Plaintiff remains available to review any written response by the defendants, and to discuss settlement matters at the defendants' convenience.  The parties are not seeking referral to alternative dispute resolution at this time.

Respectfully submitted,

Dated: September 9, 2021

*/s/ Daniel L. McFadden*
Matthew R. Segal (BBO # 654489)
Jessie J. Rossman (BBO # 670685)
Daniel L. McFadden (BBO #676612)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Elizabeth Matos (BBO # 671505)
David Milton (BBO # 668908)
Prisoners' Legal Services of Massachusetts
50 Federal St.
Boston, MA 02110
(617) 482-2773

Martin M. Fantozzi (BBO # 554651)
Richard J. Rosensweig (BBO # 639547)
Goulston & Storrs PC
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

*Attorneys for Plaintiff*

Dated: September 9, 2021

*/s/ Lisa C. deSousa*
Lisa C. deSousa, Esq. BBO#546115
*Attorney for Defendants*
*City of Springfield and*
*Sheila Rodriguez*
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel: (413) 787-6085
Email: ldesousa@springfieldcityhall.com

Dated: September 9, 2021

*/s/ John Vigliotti*
John K. Vigliotti (BBO# 642337)
*Attorney for Defendant*
*Moises Zanazanian*

4

Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609
Tel: (508) 754-7284
Email: jvigliotti@rja-law.com

Dated: September 9, 2021                    /s/ Kevin B. Coyle
                                            Kevin B. Coyle, Esq. (BBO#103540)
                                            *Attorney for Defendant Remington McNabb*
                                            1299 Page Boulevard
                                            Springfield, MA 01104
                                            Tel: (413) 787-1524
                                            Email: attycoyle@aol.com

Dated: September 9, 2021                    /s/ Thomas E. Day
                                            Thomas E. Day (BBO # 655409)
                                            Special Assistant Attorney General
                                            *Attorneys for Defendants Hampden County*
                                            *Sheriff's Department and John/Jane Does*
                                            *Nos. 1-5*
                                            Egan, Flanagan and Cohen, P.C.
                                            67 Market Street, P.O. Box 9035
                                            Springfield, MA 01102
                                            Tel: 413-737-0260
                                            Email: ted@ecf.law.com