UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAURA O'NEILL, as administrator of the Estate of Madelyn E. Linsenmeir,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPRINGFIELD, *et al.*<br><br>Defendants. | C.A. No. 20-30036-MGM |

**PLAINTIFF'S MOTION TO ENFORCE SUBPOENA**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 45, plaintiff Maura O'Neill, in her capacity as administrator for the Estate of Madelyn E. Linsenmeir (the "Estate"), is hereby moving to enforce a subpoena issued to Maria Sanchez, dated July 11, 2022 (the "subpoena"). The subpoena, appended schedule, cover letter, and proof of service are being filed with this motion as Exhibits A and B to the Declaration of Michael E. Nzoiwu, Esq.

The subpoena commanded Ms. Sanchez to appear for a deposition and produce documents on July 21, 2022. She did not appear. Accordingly, the Estate requests that the Court enter an order requiring Ms. Sanchez to appear for a deposition at the offices of Goulston & Storrs PC at 400 Atlantic Ave., Boston, Massachusetts, on August 30, 2022, and to bring the requested documents with her to that deposition. The Estate further requests that such order inform Ms. Sanchez that failure to comply may result in a finding of civil or criminal contempt, potentially including any and all available consequences and penalties.

Once entered, the Estate will engage a process server to serve Ms. Sanchez with the Order, as she is not represented and does not receive ECF notices in this case. Alternatively, the Court could order the Marshals to effect service, if it prefers.

As further grounds, the Estate states:

1. The Complaint in this case alleges, among other things, that Madelyn Linsenmeir was held in the custody of the Springfield Police Department ("SPD") on September 29 and 30, 2018. *See* Compl. (D.E. 1) ¶25, 61.

2. Video recordings establish that, while in the SPD's booking area on September 29, Madelyn made complaints of chest pain, difficulty breathing, and other medical conditions. *Id.* ¶¶37-44. Additionally, defendant Sheila Rodriguez—who worked as the SPD's female cell guard or "matron" until midnight on September 29—testified in her deposition that, while in her cell, Madelyn reported that she was in pain every 15 minutes for at least two hours. *See* Nzoiwu Decl., Ex. C (Rodriguez Dep. Excerpts) at 115:13-116:3 ("It went on and on for a couple of hours.").

3. The Complaint alleges that SPD personnel unlawfully refused to provide Madelyn with any medical attention of any kind, resulting in her death from an otherwise treatable heart infection. *Id.* ¶¶57, 76-78.

4. Maria Sanchez is a former SPD officer.

5. At the end of the day on September 29, Ms. Sanchez relieved defendant Rodriguez as the female cell guard at or around midnight. Ms. Sanchez remained on duty until approximately 8:00 a.m. on September 30. During that time, Ms. Sanchez was responsible for the health and safety of the female prisoners, including Madelyn. One of her duties was to check the cells every 15 minutes.

6. In 2018, the City of Sprinfield conducted an investigation relating to Madelyn's time in SPD custody, designated SO #18-261. Ms. Sanchez was interviewed in connection with that investigation.

7. On May 17, 2022, the City of Springfield disclosed an additional internal investigation concerning Madelyn's time in SPD custody. That investigation occurred in 2018 and 2019, and was designated SO #18-247. The City has since made a rolling production of documents concerning that matter.

8. In reviewing these records, the Estate has learned that SO #18-247 was, among other things, an investigation into why Ms. Sanchez failed to record more than 20 out her 32 cell checks on the night Madelyn was under her supervision in SPD custody. According to the records, Ms. Sanchez asserted the discrepancies were due to faulty recording equipment. On January 28, 2019, then-Deputy Chief Clapprood attributed the unrecorded checks to "human error," specifically either "negligence or sleeping." *See* Nzoiwu Decl., Ex. D (review and decision for SO #18-247). On January 29, 2019, then-Commissioner Barbieri deemed the allegations against Ms. Sanchez to be "SUSTAINED." *See id.*

9. According to publicly available documents,[1] Ms. Sanchez alleges that she was forced to resign from the SPD three days later, on February 1, 2019.

10. Given Ms. Sanchez's duties on September 30, 2018, and the subject matter of investigations SO #18-247 and SO #18-261, Ms. Sanchez is likely to possess relevant, non-privileged information, including her personal observations of:

    a. Madelyn's physical condition while in SPD custody;

---

[1] https://www.mass.gov/doc/sanchez-maria-v-springfield-police-department-101019/download

    b. Statements made by Madelyn while in SPD custody;

    c. The lack of medical care for Madelyn while she was in SPD custody;

    d. Whether or not Madelyn received periodic cell checks;

    e. The conduct and outcome of SO #18-261, including any meetings with investigators or other officials;

    f. The conduct and outcome of SO #18-247, including any meetings with investigators or other officials;

    g. The circumstances of Ms. Sanchez's alleged "forced resignation" shortly after the conclusion of SO #18-247, and any related communications; and

    h. The rules, customs, procedures, and practices employed by personnel working in the SPD's booking area and lockup, and any related training.

11. The City of Springfield has informed the Estate that it does not represent Ms. Sanchez.

12. The Estate, through an investigator, made multiple attempts to contact Ms. Sanchez. She did not respond to the Estate's inquiries.

13. On July 11, 2022, the Estate issued the subpoena pursuant to Rule 45. *See* Nzoiwu Decl., Ex. A. The subpoena commanded Ms. Sanchez to appear for a deposition at the office of the Estate's counsel in Boston on July 21, 2022, and bring with her four categories of documents identified on an enclosed schedule. *See id.* The location of the deposition in Boston is less than 100 miles from Ms. Sanchez's apparent residence in Springfield. *See* Fed. R. Civ. P. 45(c)(1)(A).

14. The subpoena was accompanied by a cover letter,[2] which explained the basis for the subpoena and invited Ms. Sanchez to contact the Estate's counsel to discuss the logistics of the deposition and production. *See id.*

---

[2] To preserve Ms. Sanchez's privacy, the Estate has redacted her address from the cover letter and other exhibits.

15. The subpoena was served on Ms. Sanchez, in hand, on July 12, 2022, at what the Estate understands to be her residence in Springfield, Massachusetts, along with the witness fee. *See* Nzoiwu Decl., Ex. B.

16. Ms. Sanchez did not contact counsel for the Estate prior to the deposition.

17. On July 21, 2022, counsel for the Estate, the City of Springfield, the Hampden County Sheriff's Department, and defendant Zanazanian, along with a court reporter, were present (either in person or remotely) at the noticed location and were prepared to proceed with Ms. Sanchez's deposition.

18. Ms. Sanchez did not appear for her deposition on July 21, and did not produce any documents.

19. It appears the Estate has no recourse except to seek enforcement of the subpoena. *See* Fed. R. Civ. P. 45(g). Venue for enforcement is proper in the District of Massachusetts, which is the district where compliance is required. *See id.*

20. The Estate and opposing counsel are available to reconvene for Ms. Sanchez's deposition on August 30, 2022.

Accordingly, the Estate requests that the Court enter an order requiring Ms. Sanchez to appear for a deposition at the offices of Goulston & Storrs PC at 400 Atlantic Ave., Boston, Massachusetts, on August 30, 2022, and to bring the requested documents with her to that deposition. The Estate further requests that such order inform Ms. Sanchez that failure to comply may result in a finding of civil or criminal contempt, potentially including any and all available consequences and penalties.

The defendants do not oppose this motion. The Estate has no means to confer with Ms. Sanchez regarding her position.

July 25, 2022                              Respectfully submitted,

/s/ Daniel L. McFadden
Matthew R. Segal (BBO # 654489)
Jessie J. Rossman (BBO # 670685)
Daniel L. McFadden (BBO #676612)
Areeba Jibril (admitted *pro hac vice*)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170

Elizabeth Matos (BBO # 671505)
David Milton (BBO # 668908)
Prisoners' Legal Services of Massachusetts
50 Federal St.
Boston, MA 02110
(617) 482-2773

Martin M. Fantozzi (BBO # 554651)
Richard J. Rosensweig (BBO # 639547)
Josh Looney (BBO # 703636)
Michael E. Nzoiwu (BBO # 709542)
Goulston & Storrs PC
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

*Attorneys for Plaintiff*

## Local Rule 7.1 Certification

I hereby certify that counsel for the Estate and counsel for the defendants conferred on July 21, 2022, and the defendants do not oppose this motion.  Counsel for the Estate has not been able to contact Ms. Sanchez.

Date: July 25, 2022                                                         */s/ Daniel L. McFadden*
                                                                                          Daniel L. McFadden

## Certificate of Service

I hereby certify that this motion is being served on the defendants via the Court's CM/ECF system, and further that Ms. Sanchez has been served via U.S. Mail at her last known address.

Date: July 25, 2022                                                         */s/ Daniel L. McFadden*
                                                                                          Daniel L. McFadden