# Exhibit A



Josh Looney<br>
jlooney@goulstonstorrs.com<br>
(617) 574-2245

July 11, 2022

**VIA HAND DELIVERY**
Maria Sanchez

Re:     <u>Subpoena for Deposition in the matter of O'Neill v. City of Springfield et al</u>

Dear Maria Sanchez:

    I am an attorney at Goulston & Storrs PC. Alongside the ACLU of Massachusetts and Prisoners' Legal Clinic of Massachusetts, I represent the Estate of Madelyn Linsenmeir in the pending lawsuit *Maura O'Neill, as administrator of the Estate of Madelyn E. Linsenmeir v. City of Springfield, et al.*, C.A. No20-30036-MGM (D. Mass).

    In summary, the lawsuit alleges that the City of Springfield and the Hampden County Sheriff's Department, and certain of their employees, unlawfully caused Madelyn's death by denying her medical care while she was in custody.

    The City of Springfield has identified you as a person who conducted detainee cell checks during Madelyn's time in custody. Consequently, we understand that you may know important information that bears on the lawsuit. We would like to speak with you to discuss your memory of this investigation and related events.

    The City has also informed us that you are no longer employed at the Springfield Police Department, and that the City's counsel is not representing you. Consequently, we are contacting you directly. Please find enclosed a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. The subpoena requires your presence at a deposition on **July 21, 2022 at 10:00 AM**, at the office of Goulston & Storrs PC, located at 400 Atlantic Avenue, Boston, MA 02110. The subpoena also requires you to bring certain documents to the deposition, such as any communications you may have had with Springfield about Madelyn, this lawsuit, and the internal investigation mentioned above.

July 11, 2022
Page 2

---

It is not our intention to inconvenience you. If you would like to contact me at 617-574-2245, I would be happy to discuss with you whether there is an alternative location for the deposition that is closer to your home, or whether we can conduct it by Zoom or other remote means. Additionally, to the extent you have documents responsive to the subpoena, we can discuss the time and manner of providing them so as to minimize the burden on you.

Sincerely,

Josh Looney
GOULSTON & STORRS, PC
400 Atlantic Avenue
Boston, MA 02110
(617) 574-2245
jlooney@goulstonstorrs.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| Maura O'Neill as Administrator | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:20-cv-30036-MGM |
| City of Springfield, et al | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Maria Sanchez

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Goulston & Storrs PC<br>400 Atlantic Avenue, Boston, MA 02110 | Date and Time:<br>07/21/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographer and/or video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/11/2022

*CLERK OF COURT*

OR

/s/ Joshua M. Looney

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Maura O'Neill as Administrator of the Estate of Madelyn Linsenmeir , who issues or requests this subpoena, are:
Josh Looney, Goulston & Storrs PC, 400 Atlantic Ave., Boston, MA 02110,
Phone: (617) 574-2245, Email: JLooney@goulstonstorrs.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:20-cv-30036-MGM

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests set forth in Local Rule 26.5 shall apply as if fully restated herein.

2.      The "SPD" shall refer to the Springfield Police Department, including without limitation its officers, commissioner, officials, bureaus, squads, divisions, internal investigation unit, employees, agents, representatives, fiduciary, attorney, or any other person or entity acting for it or on its behalf.

3.      The "IIU" shall refer to the SPD's Internal Investigations Unit, including without limitations all officers, employees, and officials assigned to it or acting on its behalf.

4.      The "CPHB" shall refer to the Community Police Hearing Board for the Springfield Police Department, including without limitation its members and staff.

5.      The "City" shall refer to Defendant City of Springfield, including without limitation the SPD and the CPHB, and the City of Springfield's officials, departments, officers, directors, employees, agents, representatives, fiduciary, attorney, or any other person or entity acting for it or on its behalf.

6.      "WCC" shall refer to the Western Massachusetts Regional Women's Correctional Center, including its officers, employees, agents, representatives, fiduciary, attorney, or any other person or entity acting for it or on its behalf.

7.      "HCSD" shall refer to Defendant Hampden County Sheriff's Department, including without limitation the WCC, and the Hampden County Sheriff's Department's officers,

employees, agents, representatives, fiduciary, attorney, or any other person or entity acting for it or on its behalf.

8. "Zanazanian" refers to Defendant Moises Zanazanian.

9. "McNabb" refers to Defendant Remington McNabb.

10. "Rodriguez" refers to Defendant Sheila Rodriguez.

11. "Interactions" shall refer to any encounter between people, including any in-person and electronic communications, any physical contact and proximity, and any officials acts against a person such as arrest or other custody.

12. The terms "include" and "including" shall be interpreted in every instance as being illustrative of the information requested, shall be read as meaning "including but not limited to," and shall not be interpreted to exclude any information otherwise within the scope of these Interrogatories.

13. The term "each" shall include "each and every."

14. The use of the singular form of any word includes the plural and vice versa so as to bring the unused form within the scope of the Interrogatory.

15. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory the broadest form of response.

16. The term "identify" shall be read as meaning "to give, to the extent known, the full person's name, present or last known address, and, when referring to a natural person, the present or last known place of employment," as set forth in Local Rule 26.5(c)(3).

## INSTRUCTIONS

1. These requests are intended as continuing, requiring you, to the extent required by Fed. R. Civ. P. 26(e), to supplement your response by producing any documents or any anything within the scope of these requests as may be located or acquired by you, following your original response.

2. You are required to identify the documents produced according to the numbers(s) of the requests to which the documents relate.

3. The original of any photocopies that are produced shall be kept and made available for inspection upon request.

4. All responsive documents must be produced in exactly the same form as they are kept in the ordinary course of business, i.e. documents attached to each other must not be separated and any photocopies must be bound in the exact same manner as the originals.

5. All responsive documents are to be produced in the original file folder, envelope, or other container in which they were kept in the ordinary course of business. If, for any reasons, the container cannot be produced, then you must produce copies of all labels, envelopes, containers, or other identifying marks (such as file cabinet labels).

6. Any document bearing on any sheet or side thereof any marks, such as, but not limited to, initials, stamped indicia, comments, or notations, of any character and not part of the original txt or photographic reproduction thereof, is to be considered a separate document.

7. If you object to any request calling for the production of certain documents, or any portion thereof) on the grounds of either attorney/client privilege or the work product doctrine, or both, or any other claim of privilege, then as to such documents allegedly subject to such asserted objections, you are required to identify such documents, in writing, with sufficient specificity to

permit the Court to reach a determination in the event of a motion as to the applicability of the asserted objection, together with an indication of the basis for the assertion of the objection based on the attorney/client privilege or the work-product doctrine, or any other doctrine or claim of privilege. If the full identification and/or production of a document is objected to because of either the attorney/client privilege or the work-product doctrine or any other doctrine or claim of privilege, provide the following information on said document: the nature of the document (e.g., interoffice memoranda, correspondence, report, etc.), the sender or author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, and a summary statement of the subject matter of the document in sufficient detail to permit the Court to reach a determination in the event of a motion.

## CATEGORIES FOR PRODUCTION

1. Produce all documents concerning Madelyn Linsenmeir.

2. Produce all documents concerning any investigation concerning Madelyn Linsenmeir, including without limitation any IIU investigation pursuant to SPD Special Orders 18-247 and 18-261.

3. Produce communications between you and the City of Springfield concerning your resignation and/or termination from the Springfield Police Department.

4. Produce all documents concerning any complaint, appeal, or other matter filed with or pending before any state or federal entity (including the Massachusetts Civil Service Commission) concerning your resignation and/or termination from the Springfield Police Department.