UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MAURA O'NEILL, AS ADMINISTRATOR OF THE ESTATE OF MADELYN E. LINSENMEIR, <br><br> PLAINTIFF <br><br> V. <br><br> CITY OF SPRINGFIELD, MOISES ZANAZANIAN, REMINGTON MCNABB, SHEILA RODRIGUEZ, HAMPDEN COUNTY SHERIFF'S DEPARTMENT AND JOHN/JANE DOES NOS. 1-5, <br><br> DEFENDANTS | CIVIL ACTION NO. 3:20-CV-30036 |

### DEFENDANTS, HAMPDEN COUNTY SHERIFF'S DEPARTMENT AND THE CITY OF SPRINGFIELD'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO EXTEND SCHEDULING ORDER DEADLINES BY 60 DAYS

Now come the defendants, Hampden County Sheriff's Department (hereinafter "HCSD"), the City of Springfield (hereinafter "City" or collectively "Defendants"), Moises Zanazanian, Remington McNabb and Sheila Rodriguez and, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.1(g), submit this Motion and Incorporated Memorandum of Law to Extend the Scheduling Order Deadlines by 60 days. The original Scheduling Order, Document 51, held that all non-expert fact discovery close on July 29, 2022. There have been three subsequent Orders that extended this deadline by approximately seven months [231 days] to March 17, 2023. Document(s) 77, 95, and 105. The Defendants have conferenced this motion with counsel for the Plaintiff who opposes this extension. The sole explanation that the plaintiff provided in that conference was that discovery has continued for 18 months and the plaintiff "wants to get on with her life."

As further detailed below, the parties have diligently conducted discovery throughout the discovery period, having exchanged more than 34,000 pages of discovery so far and conducted the depositions of 39 separate deponents, 36 of whom have been deposed by the plaintiff, without objection from the defendants (20 were HCSD deponents, 16 were City deponents). Exactly 30 days before the current discovery deadline of March 17, 2023, the plaintiff served an additional set of interrogatories and requests for production of documents on the HCSD and, just yesterday, subpoenaed another deposition of a former HCSD employee. Those discovery responses will be due on the discovery deadline of March 17, 2023. With the depositions that have currently been noticed, through the current March 17, 2023 discovery deadline, the parties will have conducted the depositions of 55 separate deponents, including nine 30(b)(6) deponents for the HCSD (six of whom have already been deposed) and six 30(b)(6) deponents for the City (four of whom have already been deposed). The defendants have already conducted three days of depositions in Burlington, Vermont and have three additional days of depositions scheduled in Burlington for March 6, 7, and 8, over which days the defendants plan to depose six witnesses. Of the approximately 55 separate deponents mentioned above, 42 of those will have been deponents produced by the defendants and deposed by the plaintiff, while the defendants, in total, will have deposed 13 deponents, most of whom are out-of-state.

It is simply not possible to fairly conclude discovery within the existing discovery deadline. First, there are currently two discovery motions still pending before the Court. Second, as detailed below, the plaintiff only recently produced signed authorizations to allow the defendants to obtain certain medical records and, in the completion of the plaintiff's deposition just this week, on February 21, 2023, the plaintiff mentioned additional medical treatment that the plaintiff's decedent received that was not previously known to the defendants. Third, there

are approximately 17 depositions still to take place, all of which have been noticed to occur before the discovery deadline, including five 30(b)(6) deponents for the City and the HCSD. Of those depositions, 11 have been noticed and scheduled by the defendants and include deponents in Burlington, Vermont, New Hampshire, and Massachusetts. Six have been noticed by the plaintiff, including the five remaining 30(b)(6) deponents and the new deponent, just noticed yesterday by the plaintiff. The scheduling of a key witness, former inmate Hayley Champagne, has been complicated by the fact that she is not able to be located. (Another disclosed witness of the plaintiff, a former inmate who the defendants wish to depose, is also indisposed at this time but hopefully will be available soon.) As detailed below, the scheduling of the deposition of the plaintiff's husband, William Painting, has been complicated because the plaintiff's counsel first informed defense counsel that they did not represent him, the plaintiff refused to accept service on her husband's behalf, and then belated plaintiff's counsel changed position and informed defense counsel they would represent him but that he would not be available on the scheduled date for his deposition in Burlington, Vermont. Furthermore, with all of the work to complete prior to the discovery deadline, the plaintiff served additional written discovery on the HCSD exactly 30 days prior to the discovery deadline.

Rushing discovery to a close, after all of the work that has been accomplished, creates a great risk that an oversight will occur and a responsive, discoverable document or information will not be produced, through inadvertence due to the pressures placed on defense counsel by the enormous amount of discovery conducted in this case. It also creates the risk that the defendants, or even the plaintiff, will be denied some key discovery because discovery was closed before it could be fairly completed. Discovery has taken a long time in this case, to be sure. The plaintiff has hired three law firms (the ACLU, Prisoners' Legal Services, and Goulston Storrs), who have

staffed this case with at least 10 different lawyers and who have sought to depose 42 different deponents.  Throughout the discovery period, this case has *never* sat dormant.  The parties have been working diligently and mostly cooperatively to accomplish the enormous amount of work that has been accomplished.  Depositions have taken place in every month since March of 2022, with the exception of June of 2022.

The affected dates along with proposed new dates are provided as follows:

| Scheduling Order Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Served/Non-expert Depositions Completed | 03/17/23 | 05/16/23 |
| Case Management Conference | 03/21/23 | 05/25/23 |
| Motion to Amend the Pleadings | 05/05/23 | 07/05/23 |
| Plaintiff's Expert Disclosures | 05/05/23 | 07/05/23 |
| Defendants' Expert Disclosures | 06/16/23 | 08/16/23 |
| Disclosure of Plaintiff's Rebuttal Expert Disclosures | 07/17/23 | 09/18/23 |
| Completion of Expert Depositions | 09/15/23 | 11/16/23 |
| Filing of Dispositive Motions | 11/10/23 | 1/10/24 |
| Filing of Oppositions to Dispositive Motions | 12/08/23 | 02/09/24 |
| Filing of Replies to Dispositive Motions | 12/22/23 | 02/23/24 |

| Scheduling Order Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Hearing on Dispositive Motions | Set by Court | Set by Court |

In further support of said Motion to Extend Scheduling Order Deadlines, the Defendants state the following:

1. The Federal Rules of Civil Procedure recognize that scheduling orders exist to expedite disposition of the action and facilitate the settlement of the case. See generally Fed. R. Civ. P. 16. However, in light of how the action proceeds, the Court has discretion to enlarge those deadlines. For example, Fed. R. Civ. P. 6(b) provides that "the court may, for good cause, extend the time…with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." (emphasis supplied)

2. Upon the good-cause grounds set forth here, Defendants move for a 30 day extension of the existing discovery deadline, along with related extensions regarding dispositive motion(s) and expert discovery. Defendants' Motion is not for purposes of delay, and is made in good faith. Defendants' request is also reasonable in time and scope. Defendants suggest that neither party will be prejudiced by this requested extension (indeed, it may otherwise be prejudicial to continue under the current deadlines).

3. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, a party must demonstrate the 'deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension.'" House of Clean, Inc. v. St. Paul Fire & Marine Ins. Co., 775 F. Supp. 2d 296, 298 (D. Mass. 2011) (quoting (Tele-Connections, Inc. v. Perception

<u>Tech. Corp</u>., Civ. A. No. 88-2365-S, 1990 U.S. Dist. LEXIS 15507, 1990 WL
180707, at *1 (D. Mass. Nov. 5, 1990)).

4. The Defendants have continued to diligently conduct discovery in this case which is
nearing completion. However, despite best efforts, the process has been frustrated by
scheduling issues, delays in producing signed authorizations, and late discovery of
relevant correctional and medical records relating to the decedent which have
prevented the Defendants from completion of their discovery.

5. On Wednesday, February 15, 2023, *exactly thirty days prior to the close of non-
expert discovery*, at 4:35 P.M., the Plaintiff served a Second Request for Production
of Documents and Second Set of Interrogatories upon the HCSD.  It will likely not be
possible for the HCSD to produce responses to these requests, while completing its
own depositions, and preparing and producing additional Rule 30(b)(6) deponents for
deposition, in addition to the five 30(b)(6) deponents (and another deponent, just
subpoenaed) that have already been produced by the HCSD. *See* **Exhibit A.**

6. Just yesterday, the plaintiff served a subpoena for yet another deponent, former
HCSD employee, Gabby Villa.  *See* **Exhibit B**.

7. The Plaintiff's claims and request for damages necessitates the need for extensive
medical and correction records so that the Defendants can properly craft a defense,
consult and retain relevant experts, and assess potential settlement negotiations. On or
about November 30, 2022, counsel for the Defendants and Plaintiff had a phone
conference and the City then sent a general HIPAA release for the medical records of
Madelyn Linsenmeir and her child, who is the sole heir. On December 7, 2022, the
Plaintiff returned the releases, however, they were narrowed to only include specific

6

providers and were also unsigned in certain areas. On December 19, 2022, and then again December 27, 2022, the City requested that the Plaintiff address that issue and on the 27th counsel for the Plaintiff informed the City that the release would be signed. It was not until January 17, 2023, that the Plaintiff returned the executed releases. **Exhibit C.**

8. Since that date the defendants have obtained correctional facility records of Plaintiff's incarceration in Rhode Island approximately 4 months prior to her death. In those records we discovered that she had medical treatment in the year of her death at 2 separate hospitals in Rhode Island. On February 14, 2023 the Defendants requested the Estate provide a release for the newly discovered records from RI. It was not until we proposed extending discovery by 30 days that we finally had the signed release returned to us. **Exhibit D**.

9. The Defendants have been attempting to obtain the records from the decedent's incarceration in New Hampshire in July of 2018 and have yet to receive them. It is likely that more medical records will be revealed once those records are received.

10. Although the parties have worked hard to cooperate in this case, and generally have succeeded, it would be difficult to say that the plaintiff and her counsel have been as cooperative as they might have been in scheduling the deposition of the plaintiff's husband, William Painting. On January 27, 2023, Atty. Thomas E. Day contacted defense counsel with a list of deponents, asking if they would be representing any of the witnesses at deposition. *See* Affidavit of Thomas E. Day, attached hereto as **Exhibit E**. This list included the plaintiff's own husband, William Painting. *See* id. On the night of January 30, 2023, plaintiff's counsel, Atty. Daniel McFadden,

responded that they did not represent the bulk of the individuals on the list,

surprisingly including the plaintiff's husband, Mr. Painting, on the list of deponents

he did not represent. *See* id. The defendants then drafted a subpoena for Mr. Painting

and, on February 9, 2023, the HCSD served the deposition notice and subpoena,

setting the date for Mr. Painting's deposition for March 6, 2023 in Burlington,

Vermont, at the Hilton Garden Inn. *See* id. The defendants attempted to have Mr.

Painting served in Burlington, Vermont by the Chittenden County Sheriff, who

reported that he attempted service several times. *See* id. The plaintiff, Ms. O'Neill,

was at home for at least two of those visits, according to her testimony at deposition

on February 21, 2023. *See* id. Her account conflicts with that of the serving deputy,

but it is agreed that the interactions were not pleasant and Ms. O'Neill admitted that

the serving deputy was unsuccessful in serving Mr. Painting after three attempts at his

home, including two attempts where he actually spoke with Mr. Painting's wife, the

plaintiff. *See* id. After all of this effort and wasted time, on the night of February 21,

2023, just minutes after the conclusion of Ms. O'Neill's deposition, during which

Atty. David Milton represented Ms. O'Neill and the attempts at service were

discussed, Atty. Milton emailed Atty. Day to inform him that the plaintiff's counsel

now *will* be representing Mr. Painting at the deposition and will accept service for

him, but that he is not available on the scheduled date, a date about which the

plaintiffs had been aware for nearly two weeks. *See* id. The defendants' counsel

have already made arrangements to travel to Burlington on March 6 through 8 for the

depositions of Mr. Painting and several other witnesses, a fact that has been known to

the plaintiff's counsel since February 9, 2023. *See* id. The HCSD reserved a

conference room for the depositions, at a cost of $500 per day, and defense counsel have made hotel reservations in Burlington. *See* id. Atty. Milton instead offered to make Mr. Painting available on the following week. *See* id.

11. During a deposition this week, on February 21, 2023, the Plaintiff Maura O'Neill disclosed an additional medical visit in late July or early August of 2018, of which the Defendants had not previously been aware. The plaintiff has not disclosed the name of the facility, and the holder of that information, i.e. Maureen Linsenmier, is not scheduled to have her deposition concluded until February 28, 2023. More medical releases will need to be signed, and those records obtained.

12. As of the date of this filing, approximately forty-two (42) depositions have been held, many of which have lasted more than a full day, with over two-hundred (200) marked exhibits. Depositions have been conducted in every month since March of 2022, with the exception of June 2022. At least ten more depositions have been scheduled for February and March, all to take place prior to the discovery deadline of March 17, 2023, including three days of depositions scheduled by HCSD in Burlington, VT. There are at least three more 30(b)(6) deponents for the HCSD, in addition to the five who have already been produced and deposed, and two for the City, in addition to four already deposed. Shortly before the filing of this Motion, the Plaintiff noticed yet another deposition of a HCSD employee. The following is the current list of completed and scheduled depositions:

| No. | Name | Deposed By | Deposition Date |
|-----|------|------------|-----------------|
| 1. | City 30(b)(6) deponents (2 individuals) | Plaintiff | TBD |
| 2. | Hayley Champagne | Defendants | TBD |

| No. | Name | Deposed By | Deposition Date |
|---|---|---|---|
| | (unable to be located) | | |
| 3. | HCSD 30(b)(6) deponents:<br>Karen Pitts<br>Matthew Roman<br>Daniel Sots | Plaintiff | March 15, 2023<br>(tentative) |
| 4. | Gabby Villa | Plaintiff | March 10, 2023<br>(tentative) |
| 5. | Mary O'Connell | Defendants | March 10, 2023<br>(tentative) |
| 6. | McCuin, Shaun | Defendants | March 8, 2023 |
| 7. | Milligan, Jessie | Defendants | March 8, 2023 |
| 8. | Dow, Susan | Defendants | March 7, 2023 |
| 9. | Guilbault, Katie | Defendants | March 7, 2023 |
| 10. | Painting, William | Defendants | March 6, 2023<br>(tentative) |
| 11. | Linsenmeir, Mark | Defendants | March 6, 2023 |
| 12. | Peterson, Barnes | Defendants | March 3, 2023 |
| 13. | Huss, Lydia | Defendants | March 2, 2023 |
| 14. | Linsenmeir, Maureen<br>[Continuation from December 16,<br>2023, and November 10, 2022] | Defendants | February 28, 2023 |
| 15. | Herbert, Richard | Defendants | February 27, 2023 |
| 16. | O'Neill, Maura [Continuation<br>from November 8, 2022] | Defendants | February 21, 2023 |
| 17. | Reale, Rachel – HCSD 30(b)(6)<br>Designee | Plaintiff | January 27, 2023 |
| 18. | Stocks, Colleen – HCSD 30(b)(6)<br>Designee | Plaintiff | January 27, 2023 |
| 19. | Calderigi, Carolyn – HCSD<br>30(b)(6) Designee | Plaintiff | January 27, 2023 |

| No. | Name | Deposed By | Deposition Date |
|---|---|---|---|
| 20. | Burke, Connie – HCSD 30(b)(6) Designee | Plaintiff | January 26, 2023 |
| 21. | Williams, Keisha – HCSD 30(b)(6) Designee | Plaintiff | January 25, 2023 |
| 22. | Johnson Van Wright, Sally – HCSD 30(b)(6) Designee | Plaintiff | January 25, 2023 |
| 23. | Linsenmeir, Maureen [Continued from November 10, 2022] | Defendants | December 16, 2022 |
| 24. | Moran, Ricky | Plaintiff | December 15, 2022 |
| 25. | Vedovelli, Lynn - City's 30(b)(6) Designee | Plaintiff | December 9, 2022 |
| 26. | Gee, Talia – City's 30(b)(6) - City's 30(b)(6) Designee | Plaintiff | December 9, 2022 |
| 27. | Mahoney, William - City's 30(b)(6) Designee | Plaintiff | December 9, 2022 |
| 28. | Tarpey, Phillip | Plaintiff | December 8, 2022 |
| 29. | O'Neill, Kate [Continuation] | Defendants | December 5, 2022 |
| 30. | Barbieri, John | Plaintiff | December 1, 2022 |
| 31. | Linnehan, Shanice | Plaintiff | November 21, 2022 |
| 32. | City of Springfield | Plaintiff | November 17, 2022 |
| 33. | Clapprood, Cheryl C. | Plaintiff | November 17, 2022 |
| 34. | Linsenmeir, Maureen | Defendants | November 10, 2022 |
| 35. | O'Neill, Kate | Defendants | November 9, 2022 |
| 36. | O'Neill, Maura | Defendants | November 8, 2022 |
| 37. | Belle-Isle, Julie | Plaintiff | October 21, 2022 |
| 38. | Moore, Lauren A. | Plaintiff | October 21, 2022 |
| 39. | Alekseyeva, Yekaterina | Plaintiff | October 19, 2022; |
| 40. | Neill, Karleen RN | Plaintiff | October 19, 2022 |
| 41. | Ingham, Alfred T. | Plaintiff | October 11, 2022 |

| No. | Name | Deposed By | Deposition Date |
|-----|------|-----------|-----------------|
| 42. | Paquette, John | Plaintiff | October 5, 2022 |
| 43. | Phipps Walters, Gina | Plaintiff | September 30, 2022 |
| 44. | Sanchez, Maria | Plaintiff | July 21, 2022, |
| 45. | Ferriter, Samantha | Plaintiff | August 18, 2022 |
| 46. | Russ, Alexandra | Plaintiff | August 18, 2022 |
| 47. | Walden, Joan | Plaintiff | August 18, 2022 |
| 48. | Strzempek, Robert | Plaintiff | August 10, 2022 |
| 49. | Couture, Maureen | Plaintiff | August 5, 2022 |
| 50. | Wisnaskas, Jennifer | Plaintiff | August 5, 2022 |
| 51. | Witkowski, Albert P. | Plaintiff | July 29, 2022 |
| 52. | Barrett, Eileen | Plaintiff | July 28, 2022 |
| 53. | Piscotanno, Sonia | Plaintiff | July 28, 2022 |
| 54. | Strout, Brian | Plaintiff | July 22, 2022 |
| 55. | McCoy, Monique | Plaintiff | July 12, 2022 |
| 56. | McNabb, Remington | Plaintiff | May 6, 2022 |
| 57. | Rodriguez, Sheila | Plaintiff | April 15, 2022 |
| 58. | Zanazanian, Moises | Plaintiff | March 17, 2022 |

13. A total of 34,641 pages of documents have been produced in this matter thus far with more information still to be located and produced, including materials that have just been requested of the HCSD.

14. In addition to the above, there are currently two discovery motions pending before this Court which could have an impact the discovery timeline. Document 109-119.

15. On January 19, 2023, the Plaintiff filed a motion to compel documents and testimony between the Defendants Zanazanian and City, an opposition and reply were also filed. Document 109-118.

16. On February 10, 2023, the Defendants filed a motion for leave to subpoena and depose Massachusetts Trial Court employees. Document No. 119. Without such relief the Defendants are prohibited from obtaining any discovery from the trial court.

17. The chief concern of the Defendants is that, considering the significant number of depositions still to be completed and the recent additional discovery requests on the HCSD, the Defendants will inadvertently fail to produce some material that is relevant to the case simply by innocent oversight and in spite of the Defendants' diligent efforts to search records and produce all of the requested materials or that the Defendants will discover the material so close to the discovery deadline that the Plaintiff will not have a fair opportunity to act on the information produced.  It was the hope of counsel for the HCSD to perform a thorough poll of the relevant people at the HCSD to ensure there is not any other responsive information that has yet to be produced.  That is a significant and time-consuming undertaking that has not yet been possible due to the other discovery work being performed in this case.

18. Furthermore, because of the massive amount of work involved in producing material in this case, an additional concern of the Defendants is that they will fail to identify some discovery necessary to their defense because they have expended so much time and effort producing documents and deponents for depositions.  Defendants are also concerned about their inability to obtain all of the relevant medical and correctional records for the decedent during the last year of her life.  It is necessary for the expert witnesses to have all of the relevant records.

WHEREFORE, for the foregoing reasons, the Defendants hereby respectfully request this Honorable Court extend its Scheduling Order as stated herein.

Respectfully submitted,
The Defendant,
Hampden County Sheriff's Department,
By its Attorney,

Date: February 23, 2023

/s/ Thomas E. Day
Thomas E. Day, BBO #655409
Special Assistant Attorney General
Lauren F. Olanoff, BBO #669371
Michael G. McDonough, BBO #682128
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA 01102-9035
(413) 737-0260; Fax (413) 737-0121
Email: ted@efclaw.com; lfo@efclaw.com;
mgm@efclaw.com

Respectfully submitted,
The Defendant,
Moises Zanazanian,
By his Attorney,

/s/ John K. Vigliotti
John K. Vigliotti, Esq.
4 Lancaster Terrace
Worcester, MA 01609
508-754-7285
jvigliotti@rja-law.com

Respectfully submitted,
The Defendant,
Remington McNabb,
By his Attorney,

/s/ Kevin B. Coyle
Kevin B. Coyle, Esq.
935 Main Street
Springfield, MA 01103
413-787-1524
attycoyle@aol.com

Respectfully submitted,
The Defendants,
City of Springfield and
Sheila Rodriguez,
By their Attorneys,

/s/ Lisa C. DeSousa
Lisa C. deSousa, Esq.
Tyler J. Kenefick, Esq.
City of Springfield Litigation Department
1600 East Columbus Ave. 2d Floor
Springfield, MA 01103
Tel: (413) 787-6085
ldesousa@springfieldcityhall.com

14

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that on February 23, 2023, prior to filing this motion, I conferred with counsel for the plaintiff in a good faith effort to resolve or narrow the issues raised herein without success.

/s/ Thomas E. Day
Thomas E. Day

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies of this document will be mailed, first-class mail, postage prepaid, to any non-registered participants on February 23, 2023.

/s/ Thomas E. Day
Thomas E. Day