```
                                                              1

 1                                     Volume 1, Pages 1-204

 2                                          Exhibits: 1-16

 3

 4               UNITED STATES DISTRICT COURT

 5             FOR THE DISTRICT OF MASSACHUSETTS

 6

 7   ----------------------------------------------------

 8   MAURA O'NEILL, as administrator of the Estate of
     Madelyn E. Linsenmeir,
 9
                     Plaintiff,
10
     vs.                         CA No. 3:20-cv-30036
11
     CITY OF SPRINGFIELD, MOISES ZANAZANIAN,
12   REMINGTON McNABB, SHEILA RODRIGUEZ, HAMPDEN
     COUNTY SHERIFF'S DEPARTMENT, and JOHN/JANE DOES
13   NOS. 1-5,

14                   Defendants.
     ----------------------------------------------------
15
             REMOTE and IN-PERSON DEPOSITION OF
16
                      MOISES ZANAZANIAN
17
           Thursday, March 17, 2022, 10:06 a.m.
18
                 Via Zoom Video Conference
19
                      Goulston & Storrs
20                   400 Atlantic Avenue
                 Boston, Massachusetts 02110
21

22       ----Reporter: Kathleen L. Good, CSR, RPR----
                   K. L. GOOD & ASSOCIATES
23                    Post Office Box 367
              Swampscott, Massachusetts 01907
24     Tel. 781-367-0815      Kathleen.Good@verizon.net
```

```
                                                              68
 1      A.     There was no gesture.  I don't see it.
 2      Q.     (By Mr. Looney) I can replay it.
 3             MR. DAY:  Josh, this is Tom Day.
 4             Am I supposed to be seeing 7:32:38 on
 5   my screen, because I'm not?  Or 7:38:32?  I'm
 6   seeing 7:38:36 and it's frozen.
 7             MR. LOONEY:  I'm going to move back
 8   to 7:38:32.
 9             MR. DAY:  I just wanted to make sure
10   I wasn't frozen.
11             MR. LOONEY:  Let me replay this.
12             (Video played.)
13      Q.     Did you make a motion with your
14   hands?
15      A.     No.
16             MR. LOONEY:  I can replay it again.
17             MR. VIGLIOTTI:  He's answered the
18   question.
19             MR. DAY:  Could you let it play.
20             MR. LOONEY:  I'll go back a little
21   farther to 7:38:26.
22      Q.     I would like to direct your
23   attention to what you're doing in this video.
24             (Video played.)
```

```
                                                         69
 1      Q.    Did you raise your finger toward
 2   Officer McNabb?
 3      A.    There was a raised finger, yeah.
 4      Q.    Why did you raise your finger like
 5   that?
 6            MR. VIGLIOTTI:  Objection.
 7      A.    I have no idea.
 8      Q.    (By Mr. Looney) Were you instructing
 9   Officer McNabb to not activate the audio
10   recording?
11      A.    No.
12            MR. VIGLIOTTI:  Could you let it play
13   one more time.  I want to see it again.
14            MR. LOONEY:  Sure.  I'm going back to
15   7:38:28.
16            (Video played.)
17            MR. DAY:  Could you play it at
18   regular speed?  Was that regular speed?
19            MR. LOONEY:  That's regular speed.
20      A.    I don't recall.  I still don't recall.
21      Q.    This is the video you reviewed prior
22   to this deposition?
23      A.    Yes.
24            MR. LOONEY:  I would like to go now
```

202

# CERTIFICATE OF COURT REPORTER

I, Kathleen L. Good, Certified Shorthand Reporter and Registered Professional Reporter, do certify that the deposition of MOISES ZANAZANIAN, in the matter of O'Neill vs. City of Springfield , on March 17, 2022, was stenographically recorded by me; that the witness appeared before me via videoconference and provided satisfactory evidence of identification, as prescribed by Executive Order 455 (03-13) issued by the Governor of the Commonwealth of Massachusetts, before being sworn by me, a Notary Public in and for the Commonwealth of Massachusetts; that the transcript produced by me is a true and accurate record of the proceedings to the best of my ability; that I am neither counsel for, related to, nor employed by any of the parties to the above action; and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the action.

*Kathleen L. Good*

_____

Kathleen L. Good, CSR, RPR