Exhibit B

<u>General Jury Instructions</u>

DUTY OF THE JURY

PART I – GENERAL COMMENTS ................................................................. 2
PART II – EVIDENCE ................................................................................. 5
  VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER .. 5
  CONSIDERATIONS ................................................................................. 5
  WHAT IS AND IS NOT EVIDENCE ...................................................... 6
  KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL ........ 8
  CATEGORIES OF EVIDENCE ............................................................. 10
  EXHIBITS .............................................................................................. 10
  WITNESSES .......................................................................................... 11
  EXPERT WITNESSES .......................................................................... 13
  DEPOSITION TESTIMONY ................................................................. 14
  INCONSISTENCIES ............................................................................. 15
  PRIOR INCONSISTENT STATEMENTS ............................................ 15
  NOTE-TAKING/NO TRANSCRIPT .................................................... 16
PART III - BURDEN OF PROOF: PREPONDERANCE OF THE .... 18
               EVIDENCE ....................................................................... 18
PART IV – ELEMENTS OF THE CLAIMS ............................................. 19
PART V – VERDICT FORM ...................................................................... 20
CONCLUSION ............................................................................................ 20

## DUTY OF THE JURY TO FIND FACTS AND
## FOLLOW THE LAW

You have heard the evidence and the closing arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. These instructions are somewhat complicated, and I ask you to pay very careful attention. You will also have a copy of the instructions in the jury room with you. The instructions cover several subject areas: general comments, evidence, the burden of proof, causation, specific instructions about the claims made by the Plaintiff, damages, and certain limiting instructions.

## PART I – GENERAL COMMENTS

You have been chosen and sworn as jurors to decide the issues of fact presented in this case by the allegations of the complaints of the Plaintiff, [X], and the answers of the Defendant, [A]. Throughout these instructions, I shall refer to the parties by name or, in the case of [X], as the "Plaintiff," and, in the case of [A], as the "Defendant."

It is your duty to find the facts from the evidence admitted in this case. You are the sole and exclusive judges of the facts. You shall

determine the weight, value, and effect of the evidence that has been presented to you in the course of the trial. Where there are disputes about material facts, about what actually happened, it is up to you, the jury, to resolve those disputes in reaching your verdict. You must determine the facts without fear or favor, based solely on a fair consideration of the evidence and without bias or prejudice to any party. Our system of law does not permit jurors to be governed by appeal to sympathy, prejudice, or public opinion.

All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them. This is a fundamental part of our system of government by law, rather than by the individual views of the judge or jurors who have the responsibility of deciding a case.

In following my instructions, you must follow all of them and not single out some and ignore others. They are all equally important. Consider these instructions as a whole and apply them sensibly and faithfully in your deliberations.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion might be. It is not my function to determine the facts. It is yours. All of my instructions are about the law that you must apply. I do not intend for any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case. Opening statements or closing arguments may have comments on some of these rules of law, but if what was said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

When you go to the jury room, your first function will be to select a Foreperson to preside over your deliberations. The Foreperson does not have any greater power than any other juror, and his or her vote does not have any more importance than other votes. The Foreperson serves to help you conduct your deliberations in an orderly manner and give each of you an opportunity to express your opinion. The Foreperson is also responsible

for ensuring that you conduct your deliberations in accordance with the Court's instructions.

During deliberations you are, of course, allowed to take breaks. However, you may not discuss the case unless *all* members of the jury are present. Thus, if you separate briefly to, for example, have a snack or use the bathroom, you must not discuss the case.

Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your verdict.

As a reminder, during deliberations, you must not provide any information to anyone about this case. You may not use any electronic device or service to communicate to anyone any information about this case or to conduct any research about this case. You may only discuss the case in the jury room with your fellow jurors during deliberations.

## PART II – EVIDENCE

## VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence and according to the law. In reaching your decision as to whether the Plaintiff has

sustained his burden of proof, it would be improper for you to consider anything that is not evidence.

You may not base your verdict on any personal feelings, prejudices, or sympathies you may have about the Plaintiff or the Defendant or about the nature of the claims alleged. The Plaintiff and the Defendant stand equal before the law.

## RELEVANCE

In these instructions, I will refer to evidence you may consider as being "relevant." Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact which the evidence relates to is of consequence in making a determination on any claim.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses—regardless of who called the witness and regardless of who asked the questions—the exhibits that have been received into evidence, and any facts to which the lawyers have agreed or stipulated.

Certain things are not evidence.

Arguments and statements by attorneys are not evidence. They are not witnesses. What they say in their opening statements and closing arguments is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way they have stated them (or the way the Court has referenced them), your collective memory of the facts should control.

Questions asked of witnesses, standing alone, are not evidence. The question and the witness's answer, taken together, are the evidence.

Objections are not evidence. Parties have a right to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it. If an answer or exhibit is excluded, you should not speculate or guess about what the answer might have been or what an exhibit might have shown.

Anything that I have excluded from evidence or ordered stricken from the record and instructed you to disregard is not evidence.

Any evidence received for a limited purpose is not evidence for any other purpose. During the trial, I indicated for you what evidence was being received for a specific limited purpose and exactly what the limited purpose is.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

During the course of the trial I may have made comments or spoken to a witness concerning their manner of testifying. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions about disregarding evidence that I ordered stricken from the record, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. A document can also constitute direct evidence. An example of direct evidence could be a simple assertion by someone that "it is raining outside." If you thought the person who said that to you was truthful and had a sufficient basis for knowing what the weather was like

outside, you could accept the statement as direct evidence that it is raining outside. Alternatively, if you doubted the reliability of the statement, you could reject it.

Circumstantial evidence is indirect evidence that tends to prove a disputed fact by the existence of other facts based on reason and common sense. To illustrate an example of circumstantial evidence, let's return to the prior example regarding the weather outside. Suppose you are in a courtroom and you cannot look outside. Now suppose that instead of having someone report to you about the weather conditions, someone comes in from outside wearing a wet raincoat and shaking water off an umbrella. Without any words being spoken, that is, without any direct statement or assertion being made, an observer might conclude that it was raining outside. The observer thinking about the wet raincoat and a dripping umbrella might draw a conclusion, or an inference, about an unobserved fact: that it was raining. When assessing circumstantial evidence, the inference from the evidence need only be reasonable; it need not be the only one possible. Inferences may not, however, be based on speculation or conjecture.

9

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both or to give greater weight to one or the other. It remains for you to decide how much weight to give to any particular piece of evidence.

## CATEGORIES OF EVIDENCE

There are different categories of evidence that you have before you. This evidence includes exhibits and witness testimony. Let me instruct you about each of these forms of evidence

## EXHIBITS

First, you have a number of exhibits. You will have the exhibits that have been introduced in evidence during the course of the trial with you in the jury room. Many of these exhibits have been shown to you in the course of the presentation of evidence. You may consider the exhibits and give them whatever value or significance in your deliberations as you think is appropriate.

## WITNESSES

In addition to exhibits, you have the testimony of the witnesses.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts—as testified to by the witnesses—are true. To do this, you must look at witness testimony in the context of all the evidence, drawing upon your common sense and personal experience. You may believe everything a witness says, or only part of it, or none of it. It is entirely up to you. You may also decide how important a witness's testimony is relative to other evidence.

In judging the credibility of any witness, you may want to take into consideration such factors as the witness's conduct and demeanor while testifying; their apparent fairness, or any biases or prejudices they may have shown; their relation to either party; any interests they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; and the reasonableness or unreasonableness of the events they have described, and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their version of the events.

The following are the kinds of questions you may want to consider in evaluating a witness's credibility: Did the person seem honest? Did they have some reason not to tell the truth? Did the witness have an interest in the outcome of the case? Did they gain any personal advantage by testifying in this case? Did the witness seem to have a reliable memory? Did the witness's testimony differ from their earlier testimony or from the testimony of other witnesses? Was the witness's testimony different on direct and cross examinations? What was the witness's manner while testifying? What was the witness's manner while testifying? These are some, but not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence or on whether you find that the burden of proof has been met. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

## EXPERT WITNESSES

You have heard testimony from people described as experts. An expert witness is one that has special knowledge or experience that allows the witness to give an opinion.

Generally, witnesses may testify only to facts that are within their own personal knowledge—that is, things that they have personally seen or heard or felt. In some cases, issues arise that are beyond the experience of lay persons. In those types of cases, we allow an expert witness, with specialized training or experience, to testify, and to testify not only to facts, but also to opinions and the reasons for his or her opinions, on issues that are within the witness's field of expertise and are relevant and material to the case.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, in whole or in part. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness, the expert witness's education and experience, whether you think the expertise has been sufficiently established, the soundness of the reasons given for the opinion, whether you think the

testimony of the witness was motivated by some bias or interest in the case, and all other evidence in the case.

If you conclude that an expert's opinion is not based on the facts, as you find those facts to be, then you may reject the testimony and opinion of the expert, in whole or in part. If you conclude that an expert witness testified on topics that did not required trained expertise, then you should not consider that testimony to have been expert testimony when determining how much weight to give that testimony.

Remember that expert witnesses do not decide cases; the jury does.

## DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. At a deposition, the witness is placed under oath and swears to tell the truth. Each party may ask questions. Normally, a court reporter is present and records the questions and answers. In some cases, a deposition may be recorded.

You are to treat testimony that came in from a deposition in the same way as if the testimony had been given here in court. As with all witnesses,

it is for you to determine how believable and how significant that testimony is.

## INCONSISTENCIES

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or intentional falsehood.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her testimony in this trial. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to

distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

As I just noted, sometimes people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

## NOTE-TAKING/NO TRANSCRIPT

As I indicated at the beginning of the trial, you were permitted to take notes, but some cautions apply as you begin your deliberations. You should bear in mind that not everything that is written down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. You should use your notes only to assist you to recall what you have seen, heard, or observed during the trial of this case. And, whether or not you took notes, you must rely on your own memory in the jury room.

At the end of each day that you may be here deliberating, your notes will be collected. No one will be allowed to view them. In addition, to ensure the confidentiality of your deliberations, after you have reached and returned your verdicts in open court, we will collect and destroy any notes that any of you may have taken. Your notes will not be examined by anyone. They will simply be destroyed.

You will not be given a transcript of the trial. Court reporters have a difficult job and it is a time-consuming task to take a raw record, which they create, and turn it into a final transcript; it is not possible to create a transcript in time for deliberations. Since you will not have a transcript, you should rely instead on your collective memory of the evidence.

# PART III - BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

The Plaintiff has the burden of proving every element of his claims by a preponderance of the evidence. If you conclude that the Plaintiff has failed to establish any of his claims by a preponderance of the evidence, you must decide against him as to those claims. In some instances, I may instruct you that the burden of proving a specific issue is on one or more of the Defendant. On those specific issues that the Defendant bear the burden, they likewise bear the burden by a preponderance of the evidence.

To establish something by a preponderance of the evidence means to prove that it is more likely true than not true. It means that such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true. If you believe the evidence of each opposing side to be in balance or equally probable, then the party bearing the burden of proof on the issue has failed to meet his burden. To put it differently, when considering whether the Plaintiff has proven his claim on which he bears the burden of proving, if you were to put the Plaintiff's and the Defendant's evidence on opposite sides of a scale and

find that Plaintiff's evidence would make the scale tip even slightly to his side, then you must find for the Plaintiff. If the scale remains balanced or tips even slightly to the Defendant's side, you must find for the Defendant.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them. Whether a party has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply in civil cases; therefore, you should put it out of your mind.

## **PART IV – ELEMENTS OF THE CLAIMS**

[ * * * * ]

## PART V – VERDICT FORM

A form with verdict questions have been prepared for you to answer. You will take the form with you to the jury room, where you will deliberate with a view towards reaching a unanimous answer to each question. Follow the directions on the form, as they will explain to you how to answer the questions.

The answer to each question must be the unanimous answer of the jury, meaning that every juror must agree on the answer. Your foreperson will write the unanimous answer of the jury in the space provided under each applicable question. When you have reached unanimous agreement as to each applicable question on the verdict form, the foreperson should fill in, date, and sign the form at the bottom of the last page. After completing the verdict form, the foreperson should advise the court officer that you are ready to return to the courtroom and render your verdict.

## CONCLUSION

This completes the court's instructions. Go now and begin your deliberations.