## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAURA O'NEILL, as administrator of the Estate of Madelyn E. Linsenmeir, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 20-30036-MGM |
| v. | ) ) | |
| CITY OF SPRINGFIELD, *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS HAMPDEN COUNTY SHERIFF'S OFFICE, EILEEN BARRETT, AND MAUREEN COUTURE'S EMERGENCY MOTION TO ENFORCE SUBPOENA

Plaintiff Maura O'Neill, as administrator of the Estate of Madelyn E. Linsenmeir (the "Estate" or "Plaintiff"), respectfully submits its Opposition to Defendants Hampden County Sheriff's Office, Eileen Barrett, and Maureen Couture's (the "HCSD Defendants") Emergency Motion to Enforce Subpoena (the "Motion") issued to Alexandria Cox ("Ms. Cox") on April 4, 2024. D.E. 225.

The Estate does not oppose the HCSD Defendants' efforts to depose Ms. Cox pursuant to the Court's Order (D.E. 216). Plaintiff merely opposes enforcement of the subpoena that was served on Ms. Cox on April 10 for a deposition on April 12. Forty-eight hours is not a "reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i) (court must quash subpoena issued without reasonable time to comply). Federal courts routinely find longer compliance times unreasonable. *See, e.g.*, *Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-CV-01891-VLB, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017) (citing cases ruling that five to nine days to appear for a deposition is not reasonable); *Brown v. Hendler*, No. 09 CIV. 4486 RLE,

2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (noting that courts have found eight and seven days unreasonable); *Mem'l Hospice, Inc. v. Norris*, No. CIV.A. 208CV048-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) ("courts have ruled that allowing a single week for compliance is insufficient").

   Again, Plaintiff has no objection to the deposition taking place. It would be unjustified, however, for Ms. Cox to face civil much less criminal penalties for failing to comply with an improperly issued subpoena that did not give her adequate time to prepare and appear.

   Plaintiff submits that the just and appropriate resolution to the situation is for Defendants to issue a new subpoena, as soon as possible, allowing Ms. Cox at least one week to comply. Plaintiff assents to the April 25, 2024. date for the deposition proposed by Defendants.

Respectfully submitted,

Maura O'Neill, as administrator of the
Estate of Madelyn E. Linsenmeir,

*/s/ Julius A. Halstead*
Jessie J. Rossman (BBO# 670685)
Daniel L. McFadden (BBO# 676612)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170

David Milton (BBO# 668908)
Prisoners' Legal Services of Massachusetts
50 Federal St.
Boston, MA 02110
(617) 482-2773

Martin M. Fantozzi (BBO# 554651)
Richard J. Rosensweig (BBO# 639547)
Julius Halstead (BBO# 705428)
Kiman Kaur (BBO# 709943)
Goulston & Storrs PC
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

Dated: April 17, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2024, I served the foregoing document on all parties by filing it via the Court's CM/ECF system and that a copy will be sent via the CM/ECF system electronically to all counsel of record.

*/s/ Julius A. Halstead*

Dated: April 17, 2024