UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MAURA O'NEILL, AS ADMINISTRATOR OF THE ESTATE OF MADELYN E. LINSENMEIR, PLAINTIFF<br><br>V.<br><br>HAMPDEN COUNTY SHERIFF'S DEPARTMENT AND MAUREEN COUTURE, DEFENDANTS | CIVIL ACTION NO. 3:20-CV-30036 |

**OPPOSITION OF DEFENDANTS, HAMPDEN COUNTY SHERIFF'S DEPARTMENT AND MAUREEN COUTURE, TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL DATE**

The Hampden County Sheriff's Department and Maureen Couture (the "HCSD Defendants") hereby respectfully oppose the Plaintiff's Motion for Continuance of Trial Date.

**I.    Introduction**

The HCSD Defendants sympathize with the health situation of one of the Plaintiff's attorneys and earnestly wish for counsel's swift recovery. Nonetheless, this unfortunate occurrence does not justify delaying the start of this complicated trial more than a year after the trial date was set by this Court and less than a month before the trial date. The Plaintiff will not be prejudiced by continuing with the trial on the long-appointed date of May 20, 2024. In addition to the attorney who unfortunately is dealing with a medical issue, the Plaintiff is represented by seven other attorneys, four of whom have represented the Plaintiff since the filing of the initial Complaint in March of 2020, three of those four have been extensively

1

involved in this case, along with a fourth attorney who has been involved in this case for a year and a half. These four attorneys represented the Plaintiff at 26 of the at least 40 depositions relevant to the claims against the HCSD Defendants.

The HCSD Defendants will be significantly prejudiced by any delay in the trial. The HCSD has undertaken significant steps to adjust work schedules so that many of the witnesses can attend the May trial and Ms. Couture actually moved a long-planned international vacation to accommodate the May trial date. Lead counsel for the HCSD Defendants has a very busy trial schedule from July 22, 2024 through mid-January, 2025, with six trials scheduled during that period, several of them expected to be very complicated and lengthy.

## II.     Argument

More than a year ago, on March 20, 2023, this Court scheduled the trial of this matter to begin on May 20, 2024. ECF 127.  Since setting the trial date, this Court has reminded the parties at least four times that the May 20, 2024 trial date would not be continued or delayed. On May 15, 2023, the Court stated that it would not continue the existing trial date of May 20, 2023. ECF 146. On November 3, 2023, the Court reminded the parties that trial would commence on May 20, 2023. ECF 151. In its December 20, 2023 Order, the Court reminded the parties that "the Court will NOT continue the May 20, 2024 trial date." ECF 160 (emphasis in original). In its April 2, 2024 Order, this Court reminded the HCSD that failure to take the two remaining depositions by April 30, 2024 would not "serve as a reason to delay the May 20, 2024 trial date in this case." ECF 216. The parties have been

fairly and repeatedly apprised that this Court is not inclined to delay the trial of this matter, which has been pending for more than four years.

### a. The HCSD Defendants will be prejudiced by any delay in the start of trial.

The HCSD Defendants will be significantly prejudiced by a continuance of the trial date. The HCSD Defendants have made significant logistical preparations in reliance on this trial beginning on the long-scheduled May 20, 2024 date, including the re-scheduling of a long-planned international vacation by Ms. Couture, preparing for staff unavailability while witnesses attend trial, and coordinating with more than twenty witnesses, including six expert witnesses, to ensure availability for and attendance at the May 20, 2024 trial. Day Decl., ¶¶7-8. Moving the trial would greatly prejudice the HCSD Defendants because the enormous amount of work that has been performed to prepare for the May 20, 2024 date would be undone and finding a new date would require a massive re-scheduling effort. Day Decl., ¶8. Moving the trial would also greatly prejudice the HCSD Defendants because their lead trial counsel has trials scheduled to begin on July 22, 2024, September 9, 2024, October 15, 2024, November 4, 2024, December 2, 2024, and January 6, 2025. Day Decl., ¶3. These trials were scheduled in reliance on the fact that the trial in this case would be completed by June 14, 2024. Day Decl., ¶5.

### b. The Plaintiff has a very capable team of lawyers and will not be prejudiced by proceeding to trial on May 20, 2024.

The Plaintiff is capably represented by a team of eight lawyers in this case, seven of whom are presumably available to represent the Plaintiff at the May 2024 trial. Day Decl., ¶11. Of these seven lawyers, four have had an appearance in this case since it was filed in March of 2020, another has been extensively involved in this case for a year and a half, and two others entered their appearances more recently. Day Decl., ¶12. Four of these seven lawyers have been extensively involved in this case, having represented the Plaintiff at 26 of the 40 depositions of fact witnesses in this case whose testimony was relevant to the claims against the HCSD Defendants. Day Decl., ¶¶13-16. The lawyer who is unfortunately dealing with a medical issue only represented the Plaintiff at seven of the 40 depositions. Day Decl., ¶15. (The Plaintiff was represented at the remaining seven depositions by attorneys who have since withdrawn from this case.) Day Decl., ¶14. The Plaintiff's team of lawyers is certainly capable of trying this case in May of 2024 and the Plaintiff will not be prejudiced. To the contrary, as the Plaintiff herself has previously noted, the age of this case, and the fading of witness memories, creates an urgency to proceed to trial. ECF 121 at 2.

### III. Conclusion

For the foregoing reasons, the HCSD Defendants hereby oppose the Plaintiff's Motion for Continuance of Trial Date.

|  |  |
|---|---|
|  | Respectfully submitted,<br>HAMPDEN COUNTY SHERIFF'S DEPARTMENT, EILEEN BARRETT, AND MAUREEN COUTURE<br><br>By their attorney,<br>ANDREA CAMPBELL<br>ATTORNEY GENERAL<br><br>By: */s/ Thomas E. Day*<br>Thomas E. Day, BBO #655409<br>Special Assistant Attorney General<br>Lauren F. Olanoff, BBO #669371<br>Michael G. McDonough, BBO #682128<br>EGAN, FLANAGAN AND COHEN, P.C.<br>67 Market Street<br>P.O. Box 9035<br>Springfield, MA 01102-9035<br>(413) 737-0260<br>ted@efclaw.com; lfo@efclaw.com; mgm@efclaw.com |
| Dated: April 22, 2024 |  |

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies of this document will be mailed, first-class mail, postage prepaid, to any unregistered participants on April 22, 2024.

*/s/ Thomas E. Day*
Thomas E. Day