UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MAURA O'NEILL, AS ADMINISTRATOR OF THE ESTATE OF MADELYN E. LINSENMEIR, PLAINTIFF<br><br>V.<br><br>HAMPDEN COUNTY SHERIFF'S DEPARTMENT AND MAUREEN COUTURE, DEFENDANTS | CIVIL ACTION NO. 3:20-CV-30036 |

**DECLARATION OF THOMAS E. DAY IN SUPPORT OF OPPOSITION OF DEFENDANTS, HAMPDEN COUNTY SHERIFF'S DEPARTMENT AND MAUREEN COUTURE, TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL DATE**

I, Thomas E. Day, hereby declare, based on personal knowledge, as follows:

1. I am an attorney at the law firm of Egan, Flanagan and Cohen, P.C., and I am one of the counsel of record for the defendants, the Hampden County Sheriff's Department (the "HCSD") and Maureen Couture (together, the "HCSD Defendants") in the above-captioned matter.

2. I submit this affidavit in support of the HCSD Defendants' Opposition to the Plaintiff's Motion for Continuance of Trial Date (the Motion for Continuance").

3. I am the lead counsel on the following cases, which are scheduled for trial in the coming months.

1

    a. *Awosika, as parent and next friend of Gamble v. Platt, et als.*, Hampden County Superior Court, Civil Action No. 2179CV647. Trial: July 22, 2024, expected to last at least to August 2, 2024.

    b. *Sullivan v. Pitsas*, Hampden County Superior Court, Civil Action No. 2079CV377. Trial: September 9, 2024, expected to last at least to September 12, 2024.

    c. *Ortiz v. Faigel, et als.*, Hampden County Superior Court, Civil Action No. 2179CV531, Trial: October 15, 2024, expected to last at least to October 29, 2024.

    d. *Anair v. Booke*, Hampshire County Superior Court Civil Action No. 2280CV92. Trial: First case out in November, 2024. Expected to last 3-4 days.

    e. *Lech v. Hampden County Sheriff's Department, et als.*, United States District Court for the District of Massachusetts, Civil Action No. 3:17-cv-30024-MGM. Trial: December 2, 2024. Expected to last 3-4 weeks.

    f. *Lamay-Miller v. Nikolik*, Hampden County Superior Court, Civil Action No. 2180CV134. Trial: January 6, 2025. Expected to last two weeks.

4. Although I have not planned an August vacation as of yet, I expect to be on vacation in August, 2024 for at least one week following the completion of the trial that begins on July 22, 2024.

5. I have planned my trial and personal schedule, as set forth above, around the trial date in this case of May 20, 2024, which was set more than a year ago.

6. I have spent a significant amount of time, along with my office staff, coordinating with parties and witnesses in order to secure their attendance at the May 20, 2024 trial.

7. I am aware that the defendant, Maureen Couture, rescheduled a long-planned international vacation in order to accommodate the trial in this case.

8. I am aware that the Hampden County Sheriff's Department has performed work to prepare for staff unavailability during the May 20, 2024 trial and significant work has been performed to confirm availability and secure the attendance of at more than twenty witnesses, including six expert witnesses, at the May 20, 2024 trial. Moving the trial at this late date would undo all of that work and require a massive effort to determine when all of these witnesses and experts are available for a rescheduled trial.

9. Moving the trial at this late date would be extremely prejudicial to the HCSD Defendants both because of the significant work that has already been performed to prepare for the May 20, 2024 trial date and because a new date for which counsel, the parties, and the witnesses could be available could only be secured with great difficulty, requiring an enormous re-scheduling effort.

10. Based on my trial schedule, as detailed above, I could not reschedule this trial for a date sooner than late February, 2025 without severely prejudicing the HCSD Defendants and likely my clients in other cases, which cases

3

would inevitably be impacted.by inserting a trial of this magnitude in my existing trial schedule.

11. I have reviewed the Court's docket in this case. The Plaintiff is currently represented by eight lawyers in this case, seven of whom are listed on the Motion for Continuance.

12. Five of the Plaintiff's current team of eight lawyers have been with this case for its entire duration and a sixth lawyer has had an appearance in this case for a year and a half and has been very actively involved in the case. The remaining two members of the current team of lawyers entered appearances more recently.

13. Reviewing the depositions of fact (non-expert) witnesses in this case, I identified 40 depositions of witnesses whose testimony was of relevance to the claims against the HCSD Defendants. I excluded any depositions of witnesses whose testimony was chiefly of relevance to the claims against the City of Springfield.

14. Of those 40 depositions, the Plaintiff was primarily represented[1] at 33 of the depositions by lawyers who are still involved in the case and signatories to the Motion for Continuance (and represented at the other seven depositions by lawyers who have since withdrawn their appearances in this case).

15. Of those 33 depositions, the Plaintiff's lawyer who is unavailable to prepare for trial only represented the Plaintiff at seven of these depositions.

---

[1] Although more than one attorney for the Plaintiff often attended depositions, it was always clear who was responsible for representing the Plaintiff at each deposition, as only one attorney was responsible for speaking on behalf of the Plaintiff at each deposition.

16. The Plaintiff was represented at the other 26 depositions by four attorneys who are still very active in this case and presumably available to represent the Plaintiff at the trial of this matter.

Signed under the pains and penalties of perjury this 22nd day of April, 2024.

>	*/s/ Thomas E. Day*
>	Thomas E. Day

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies of this document will be mailed, first-class mail, postage prepaid, to any unregistered participants on April 22, 2024.

>	*/s/ Thomas E. Day*
>	Thomas E. Day